**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LONNIE D. TURNER,
               Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
               Agency.

DOCKET NUMBER
SF-0752-19-0488-I-1

DATE:  May 18, 2026

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Gerry Giron</u>, Las Vegas, Nevada, for the appellant.

<u>Nadine Scott</u>, Esquire, Seattle, Washington, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his constructive suspension appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant has been employed by the agency in the competitive-service position of WG-02 Housekeeping Aid since May 2017. Initial Appeal File (IAF), Tab 3 at 13. He suffered an on-the-job injury in October 2018. *Id.* at 27, 31. On April 8, 2019, the agency offered the appellant a light-duty assignment. *Id.* at 31. As relevant here, the light-duty assignment provided that the appellant could perform certain duties using "a cart for easy mobility." *Id.* at 35. The appellant accepted the offer. *Id.*

On April 17, 2019, the appellant submitted a medical note to the agency reflecting that he could not "push or pull a cart." *Id.* at 27; Petition for Review (PFR) File, Tab 1 at 15-16, Tab 4 at 6.[2] The agency concluded that it did not have any work within these restrictions and sent the appellant home that day. PFR File, Tab 1 at 8. The agency designated the appellant as in a non-pay status related to the Office of Workers' Compensation Programs (OWCP) from April 15 to May 6, 2019. IAF, Tab 3 at 33-34. The appellant returned to light duty on May 7, 2019. *Id.* at 34; PFR File, Tab 4 at 8. The agency provided him with a new light-duty assignment offer on May 14, 2019, and he accepted the offer the same day. IAF, Tab 3 at 30-32.

The appellant filed the instant appeal and requested a hearing. IAF, Tab 1 at 2. He asserted that he was "removed from duty" in retaliation for an April 4, 2019 "write up" that he filed "against" a Human Resources (HR) Specialist. *Id.* at 6. The appellant maintained that he had been constructively suspended for approximately 15 days without pay and that he had experienced a hostile work

---

[2] Both parties have provided new evidence on review. PFR File, Tab 1 at 8-25, Tab 4 at 4-14. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). However, we have considered the parties' new evidence to the extent it concerns the issue of the Board's jurisdiction because the Board's jurisdiction can be raised at any time including on review. *Stoglin v. Department of the Air Force*, 123 M.S.P.R. 163, ¶ 7 (2015), *aff'd*, 640 F. App'x 864 (Fed. Cir. 2016).

environment since returning to work. *Id.* Finally, the appellant raised an affirmative defense of disability discrimination. *Id.* In the Acknowledgment Order, the administrative judge provided the appellant with notice of his burden to establish jurisdiction over his absence as a constructive suspension. IAF, Tab 2 at 2-6. The appellant did not respond to the order. In a motion to dismiss the appeal for lack of jurisdiction, the agency asserted that the appellant's April 17, 2019 submission to the agency of new medical documentation, reflecting that his light-duty assignment was outside the physical restrictions caused by his injury, resulted in the period of absence. IAF, Tab 3 at 8, 25, 27-28, 35. The agency argued that it had no work available within the appellant's new restrictions. *Id.*

In an initial decision issued without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to make a nonfrivolous allegation that his absence was tantamount to a constructive suspension. IAF, Tab 4, Initial Decision (ID) at 3-6. Because the administrative judge found that the appellant had not raised an otherwise appealable action, she found that the Board lacks jurisdiction to address the appellant's disability discrimination claim. ID at 5.

The appellant has filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 4. On January 28, 2020, after the parties submitted their pleadings, the Office of the Clerk of the Board issued an order providing the appellant with notice of how to establish jurisdiction over his appeal as an alleged denial of restoration following a compensable injury and/or as a claim of retaliation for a protected disclosure or activity under

whistleblower protection statutes. PFR File, Tab 5. The appellant did not respond to the order.[3]

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant has nonfrivolously alleged facts that would establish chapter 75 jurisdiction over his appeal.</u>

The appellant was absent and in an unpaid leave status from April 17, 2019, when the agency sent him home, to May 7, 2019, when he returned to work. PFR File, Tab 1 at 5, Tab 4 at 2; IAF, Tab 3 at 33-34. The administrative judge found that the appellant failed to establish jurisdiction over his absence as an alleged constructive suspension. ID at 3-5. The appellant reasserts on review that the agency "sent [him] home" on April 17, 2019. PFR File, Tab 1 at 7; IAF, Tab 1 at 6. We conclude that the appellant has nonfrivolously alleged facts that could establish Board jurisdiction over his absence.

The placement of an employee in an enforced leave or nonpay, nonduty status for more than 14 days constitutes an appealable suspension within the Board's chapter 75 jurisdiction. 5 U.S.C. §§ 7512(2), 7513(d); *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶¶ 6, 10 (2014) (citing *Pittman v. Merit Systems Protection Board*, 832 F.2d 598, 598-600 (Fed. Cir. 1987) (concluding that an agency suspended an employee when it placed him on enforced leave because it determined that he could not safely perform all of his duties due to his medical restrictions)). The Board does not analyze such circumstances as constructive suspensions, but rather as actual suspensions. *Abbott*, 121 M.S.P.R. 294, ¶ 10. The fact that such an absence resulted from a denial of restoration does not except it from the Board's chapter 75 jurisdiction. 5 U.S.C. § 7512(2), (A)-(F); *Jenkins v. U.S. Postal Service*, 2025 MSPB 6, ¶¶ 18-21.

[3] The agency submitted a pleading in response to the show cause order. PFR File, Tab 7 at 1 & n.*. The Office of the Clerk of the Board rejected this pleading as an additional pleading for which the Board's regulations do not provide, because the order provided the agency with an opportunity to file a response only to a submission by the appellant. *Id.* at 1-2.

The parties agree that the appellant reported to work on April 17, 2019, and the agency sent him home for more than 14 days due to the added restrictions regarding use of a cart. IAF, Tab 1 at 6, Tab 3 at 35, 37; PFR File, Tab 1 at 6, Tab 4 at 6. This situation would ordinarily be sufficient to constitute an actual suspension.

In contrast to an actual suspension, a potential constructive suspension arises in circumstances when an appellant's leave appears to be voluntary but actually was not. *Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 5 n.2 (2016). The Board has considered as potential constructive suspensions situations in which an appellant voluntarily absented himself from duty for medical reasons and later was not permitted to return to work when he purportedly recovered. *See Martin v. U.S. Postal Service*, 2022 MSPB 22, ¶¶ 2, 8-19 (concluding that an agency constructively suspended an employee when, after taking leave for medical reasons, it did not permit him to return to duty despite his submission of a medical note releasing him to return to work without restrictions); *Rosario-Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶¶ 2-4, 12-19 (2015) (analyzing an appellant's claim that his employing agency failed to permit him to return to work following a voluntary absence for medical reasons as an alleged constructive suspension), *aff'd*, 833 F.3d 1342 (Fed. Cir. 2016); *Romero v. U.S. Postal Service*, 121 M.S.P.R. 606, ¶ 8 (2014) (treating an appellant's claim that his voluntary medical absence became involuntary once he expressed his intent to return to work as a constructive suspension claim).

The appellant alleges on review he was absent from work while seeking medical treatment between April 10-12, and April 15-16, 2019. PFR File, Tab 1 at 5, 14, 30. Therefore, it is possible that he initiated his absence and then sought to return to work with additional restrictions, which could constitute an alleged constructive suspension. We need not resolve here whether the appellant's allegations more squarely fall under a constructive suspension theory, however.

Even considering them under such a theory, we conclude that he has alleged facts that could establish jurisdiction over a constructive suspension claim. In this respect, we disagree with the administrative judge.

To demonstrate that an absence from work was not voluntary, and is an actionable constructive suspension, an appellant must show that: (1) he lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived him of that choice. *Thomas v. Department of the Navy*, 123 M.S.P.R. 628, ¶ 9 (2016). Here, the administrative judge concluded that the appellant nonfrivolously alleged that he lacked a meaningful choice in his absence. ID at 4. However, she concluded that he did not nonfrivolously allege that the agency's wrongful actions deprived him of that choice. ID at 4-5.

An agency constructively suspends an employee when it fails to return the employee to work within his medical restrictions, when he requests it, for more than 14 days, when it is bound to do so by policy, regulation, or the accommodation obligation under the Rehabilitation Act of 1973. *Simpson v. U.S. Postal Service*, 113 M.S.P.R. 346, ¶ 15 (2010). By asking for work within his new restrictions, the appellant made a request for reasonable accommodation. *Id.*, ¶ 16. Having done so, the agency was required to engage in an interactive process to determine an appropriate accommodation. *Id.*; 29 C.F.R. § 1630.2(o)(3). Here, there is no dispute that the agency did not engage in the interactive process before concluding that there was no available work within the appellant's restrictions. IAF, Tab 3 at 10, 25.

Because the appellant has nonfrivolously alleged that the Board has jurisdiction over his appeal, on remand the administrative judge should hold the appellant's requested hearing. IAF, Tab 1 at 2; *see Francis v. Department of the Air Force*, 120 M.S.P.R. 138, ¶ 14 (2013) (explaining that an appellant is entitled to a jurisdictional hearing when he makes nonfrivolous allegations of jurisdiction). Following a hearing, the administrative judge should consider whether the appellant established jurisdiction under either an actual or

constructive suspension theory. *See Thomas*, 123 M.S.P.R. 628, ¶ 17 (instructing an administrative judge on remand to consider whether the appellant established jurisdiction over her actual suspension claim if she failed to establish jurisdiction over her nonconstructive suspension claim). The appellant has the burden of proving jurisdiction by preponderant evidence. *Martin*, 2022 MSPB 22, ¶ 8.

We recognize that the record is unclear as to whether the appellant can meet his burden. Although we have found that he has nonfrivolously alleged that his absence was initiated by the agency, we have noted that there is evidence in the record suggesting otherwise. Further, assuming that he initiated his absence, he would need to prove by preponderant evidence that he is a qualified individual with a disability, and that there was a position the agency would have found and could have assigned to him if it had looked. *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶¶ 28-29 (recognizing that an appellant alleging a failure to accommodate bears the burden of proving that he is a qualified individual with a disability); *Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 17 (2014) (explaining that an appellant asserting a claim of discrimination based on an agency's failure to provide a reasonable accommodation bears the ultimate burden of proving that there was a position the agency would have found and could have assigned to him if it had looked). The parties disagree as to whether the agency could have accommodated the appellant. IAF, Tab 3 at 37; PFR File, Tab 1 at 3, Tab 4 at 6.

If the administrative judge determines that the Board has jurisdiction over this matter on remand, she must determine if the agency failed to provide due process. If so, then its suspension or constructive suspension action must be reversed. *See Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1375-78 (Fed. Cir. 1999) (explaining that a tenured Federal employee may not be deprived of his property interest in his employment without notice and an opportunity to respond); *Martin*, 2022 MSPB 22, ¶ 8 (recognizing that a constructive suspension action must be reversed on due process grounds if it was

effected without notice). Further, if the Board has jurisdiction, the administrative judge should adjudicate the appellant's disability discrimination claim, hostile work environment claim, and any other affirmative defenses within the Board's authority. IAF, Tab 1 at 6; *see Abbott*, 121 M.S.P.R. 294, ¶ 11.

<u>The appellant has not raised nonfrivolous allegations that the agency violated his restoration rights.</u>

The Federal Employees' Compensation Act and the implementing regulations of the Office of Personnel Management (OPM) at 5 C.F.R. part 353 provide, among other things, that Federal employees who suffer compensable injuries enjoy certain rights to be restored to their previous or comparable positions. *Hamilton*, 123 M.S.P.R. 404, ¶ 9; *see* 5 U.S.C. § 8151(b); 5 C.F.R. § 353.301. Under OPM's regulations, such employees have different substantive rights based on whether they have fully recovered, partially recovered, or are physically disqualified from their former or equivalent positions. *Hamilton*, 123 M.S.P.R. 404, ¶ 9; 5 C.F.R. § 353.301. The Board has jurisdiction over certain restoration claims. 5 C.F.R. § 353.304. To establish the Board's jurisdiction over a restoration claim, an appellant must make nonfrivolous allegations regarding the substantive jurisdictional elements applicable to the particular restoration claim. 5 C.F.R. § 1201.57(a)(4), (b). Because a restoration claim is not subsumed within his constructive suspension claim, we separately address here whether the appellant has established jurisdiction over his alleged denial of restoration during the same April 15 to May 6, 2019 period discussed above. *See Jenkins*, 2025 MSPB 6, ¶ 14 & n.2, ¶¶ 19-21, ¶ 26 n.4 (remanding a constructive suspension claim on the basis that it was not subsumed within the appellant's restoration appeal regarding the same absence and advising that on remand the case could be joined with the appellant's pending restoration appeal).

The show cause order issued by the Clerk's Office advised the appellant how to establish jurisdiction over a claim that the agency violated his restoration rights. PFR File, Tab 5 at 2-5. To the extent that the administrative judged erred

in failing to provide the appellant with this jurisdictional notice, the show cause order cured any defect and provided the appellant with the opportunity to put forth evidence and argument nonfrivolously alleging that the agency denied him restoration. *See Parker v. Department of Housing and Urban Development*, 106 M.S.P.R. 329, ¶ 8 (2007) (explaining that an administrative judge's failure to provide proper jurisdictional notice can be cured if the notice is provided in the agency's pleadings or the initial decision, thus affording an appellant the opportunity to meet his jurisdictional burden on petition for review); *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). As noted above, the appellant did not respond to the order.

In his petition for review, the appellant asserts on review that the agency improperly sent him home even though he "showed that he was able to work." PFR File, Tab 1 at 3. The appellant maintains that the agency should have provided him with continuation of pay during his absence.[4] *Id.* at 6-7. He also submits for the first time on review copies of the April 17, 2019 medical opinion stating that the appellant "may return to work with light duty" and additionally that he was unable to "push or pull a cart." *Id.* at 13, 15. He also submits on review an OWCP work capacity evaluation form dated April 26, 2019, stating that he had not yet reached maximum medical improvement. *Id.* at 12. Based on this medical evidence, and the appellant's assertion on review that he was able to work with restrictions, we infer that the appellant is alleging that he is a partially recovered employee. *Id.* at 3, 6.

---

[4] We do not reach the continuation of pay issue. PFR File, Tab 1 at 3. The OWCP has the exclusive authority to make determinations regarding continuation of pay. 20 C.F.R. § 10.200(b). We do not have jurisdiction over the alleged denial of continuation of pay and therefore do not address it further. *See* 5 C.F.R. §§ 1201.2, 1201.3(a)-(b), (c)(3) (identifying those matters over which the Board generally has jurisdiction).

OPM's regulations require that agencies "make every effort to restore in the local commuting area, according to the circumstances in each case, an individual who has partially recovered from a compensable injury and who is able to return to limited duty."  5 C.F.R. § 353.301(d).  In order to establish jurisdiction over a restoration appeal as a partially recovered employee, the appellant must nonfrivolously allege, as relevant here, that he was absent from his position due to a compensable injury.  *Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 12; *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 11 (2016); *see Wilson v. U.S. Postal Service*, 98 M.S.P.R. 679, ¶ 9 (2005) (explaining that an employee bringing a restoration appeal need not show that she was separated from duty, merely that she was absent from her position due to a compensable injury).  We find that the appellant failed to make a nonfrivolous allegation that the absence at issue here was due to his October 2018 on-the-job injury.

The determination of whether an individual suffers a recurrence of a compensable injury is within the exclusive purview of OWCP.  *See Hamilton*, 123 M.S.P.R. 404, ¶ 14 (recognizing that the determination of whether an individual suffers from a compensable medical condition is within the exclusive purview of OWCP); *McFarlane v. U.S. Postal Service*, 110 M.S.P.R. 126, ¶ 16 (2008) (explaining that an appellant failed to nonfrivolously allege jurisdiction because OWCP had denied his claim of recurrence).  The record does not contain such a determination by OWCP.  Nor has the appellant made nonfrivolously an allegation that, if true, would prove that OWCP did, or would, grant his recurrence claim.

The April 8, 2019 job offer was within the restrictions provided by the appellant's treating physician in November 2018.  PFR File, Tab 1 at 7, Tab 4 at 7; IAF, Tab 3 at 27.  In a letter dated May 1, 2019, OWCP stated that the April 17, 2019 medical documentation the appellant submitted to the agency, "simply stating [that he was] precluded from pushing/pulling a cart [was] insufficient without further explanation."  IAF, Tab 3 at 27-29.  Further, the

April 17, 2019 medical documentation was not completed by the physician the appellant had designated with OWCP as his treating physician. PFR File, Tab 1 at 15; IAF, Tab 3 at 27; 20 C.F.R. § 10.316 (explaining that an injured employee generally must obtain OWCP's approval to change his treating physician).

OWCP questioned the validity of this documentation. *See Hardy v. U.S. Postal Service*, 104 M.S.P.R. 387, ¶¶ 19-21 (concluding that an agency did not act arbitrarily and capriciously by delaying an injured employee's return pending OWCP's final determination regarding an appellant's conflicting restrictions), *aff'd per curiam*, 250 F. App'x 332 (Fed. Cir. 2007). Within 2 weeks of sending the appellant home, by April 30, 2019, the agency advised OWCP that the offer remained available. IAF, Tab 3 at 28. Further, the appellant returned to work on May 7, 2019, and on May 14, 2019, he formally accepted a light duty offer that again required him to use a cart. PFR File, Tab 4 at 8; IAF, Tab 3 at 31-32, 34. This assignment was consistent with the November 2018 medical opinion and recommended restrictions from the appellant's occupational health physician. IAF, Tab 3 at 30-32; PFR File, Tab 4 at 8. Based on the chain of events, the appellant has neither nonfrivolously alleged that OWCP has determined that his injury was compensable nor that it was, in fact, a recurrence of his October 2018 on-the-job injury. Therefore, he has not met his jurisdictional burden.

The appellant has failed to prove that he exhausted his administrative remedy as necessary to establish jurisdiction over a claim of whistleblower reprisal.

Finally, we consider the appellant's argument that the agency sent him home in retaliation for an unspecified "write up" against an HR specialist. IAF, Tab 1 at 6. It is not clear whether the appellant intended to raise a claim of retaliation for activity protected under whistleblower reprisal statutes. The administrative judge did not provide the appellant with notice of how to establish jurisdiction over an individual right of action (IRA) appeal. In its order to show cause, the Clerk's Office explained to the appellant that, if he was raising such a

retaliation claim, he was required to prove that he exhausted his administrative remedies with the Office of Special Counsel (OSC). PFR File, Tab 5 at 5-6.

To establish Board jurisdiction over an IRA appeal, an appellant must prove by preponderant evidence that he exhausted administrative remedies with OSC before seeking corrective action from the Board. *Cooper v. Department of Veterans Affairs*, 2023 MSPB 24, ¶ 5. Here, the appellant indicated in his initial appeal that he did not file an OSC complaint. IAF, Tab 1 at 5. Further, as discussed above, the appellant did not respond to the order to show cause. Because the appellant has failed to even allege exhaustion, he has not established jurisdiction over an IRA appeal. If he is able to establish jurisdiction over his alleged suspension or constructive suspension, the administrative judge should adjudicate the appellant's whistleblower reprisal claim as an affirmative defense. *See Covington v. Department of the Interior*, 2023 MSPB 5, ¶ 15 (identifying the elements of a whistleblower reprisal affirmative defense).

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:        _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.